ACCEPTED
15-25-00021-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/30/2025 1:49 PM
CHRISTOPHER A. PRINE
CLERK

**Wolfgang P. Hirczy de Miño, PhD**
wphdmphd@gmail.com

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/30/2025 1:49:29 PM
CHRISTOPHER A. PRINE
Clerk

Amicus Curiae Letter Brief

April 30, 2025 *Via Texas eFile & eServe*

Christopher Prine, Clerk
Fifteenth Court of Appeals
William P. Clements Building
300 W. 15th Street, Suite 607
Austin, Texas 78701

Re: Tex. App. Case 15-25-00021-CV
Case Style: Pfizer Inc. and Tris Pharma, Inc. v. The State of Texas and Tarik Ahmed
Appeal type: Permissive Interlocutory Appeal / Petition for Permissive Appeal[1]
Issue: Rule 91a motion denial by trial court

## What Legal Issues Merit Immediate Appellate Review?
## Is a COA Split Required?
## Does Law Prof Commentary Count?

Dear Clerk:

I commend this Court for issuing a decision on the Appellant's petition for permission to appeal (measuring 175 pages) within just two months. That is indeed amazing. The practice should be followed by all other appellate courts!

[1] The permissive appeals statute provides as follows:

(d) On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. TEX. CIV. PRAC. & REM CODE § 51.014 (d)(1)-(2).

Just two days ago the First Court of Appeals in Houston issued a decision in a permissive ILA case that had been pending for many more months. In that case, counsel for appellant felt compelled to submit a follow-up letter requesting a ruling. Interlocutory appeals are, after all, accelerated appeals. Unlike this Court, the First COA had not issued a grant/denial order, leaving the parties in limbo until after the trial court judge had left office at the end of 2024.

That case in Houston, as ultimately decided, is noteworthy for another reason: Two justices on the panel wrote concurrences and one (Justice Caughey) articulated concerns about the wording of the statute that she explicitly addressed to the Texas Legislature. *See VCC, LLC v. Allied World Specialty Ins. Co.*, No. 01-24-00599-CV (Tex.App.-Houston [1st Dist.] April 30, 2025, no pet. h.)(with separate concurs by Justices Caughey and Morgan).

RELEASED ORDERS & OPINIONS FOR 4/28/2025

Print-Friendly

Civil Causes Decided

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 01-24-00599-CV Memorandum Opinion Per Curiam [ PDF ] | **VCC, LLC v. Allied World Specialty Insurance Company** Appeal from 133rd District Court of Harris County | DENIED | Justice Guerra Justice Caughey Justice Morgan |
| 01-24-00599-CV Memorandum Opinion by Justice Caughey [ PDF ] | **VCC, LLC v. Allied World Specialty Insurance Company** Appeal from 133rd District Court of Harris County | OPINION CONCURRING WITH THIS COURT'S JUDGMENT | Justice Guerra Justice Caughey Justice Morgan |
| 01-24-00599-CV Memorandum Opinion by Justice Morgan [ PDF ] | **VCC, LLC v. Allied World Specialty Insurance Company** Appeal from 133rd District Court of Harris County | OPINION CONCURRING WITH THIS COURT'S JUDGMENT | Justice Guerra Justice Caughey Justice Morgan |

[Embedded image of First COA Opinion Release Page for April 28, 2025]

We are supposedly all textualists now, and the First Court of Appeals is no exception. Justice Caughey opines that the permissive interlocutory appeals statute could be improved because it wasn't available to address the situation that the First Court of Appeals encountered in the case *sub judice* there.

Additionally, it is not clear whose opinion should be taken into account. A COA split on a controlling question of law may be the obvious scenario, but if that is not

present, what other opinions should be heeded when evaluating whether the statutory requisites for a permissive appeal have been satisfied; and how should the appellate court then exercise its discretion once it has assured itself of appellate jurisdiction under the statute. Tex. Civ. Prac. & Rem. Code § 51.014(d)(1)-(2). A trial court's disagreement with controlling precedent is likely not enough.

When this Court with state-wide jurisdiction gets to render a decision in the current permissive appeal (or a subsequent one), it might wish to also weigh in on whether the legal question to be decided is one which there is disagreement that is SUBSTANTIAL enough to warrant immediate appellate intervention. This is a question of the criteria or standards to apply, a question on which some guidance for practitioners would be helpful. A

## Grant Order Should Present the Question Presented

With regard to that appellate jurisprudential matter, allow me to make a modest suggestion: It would be helpful if this Court (and all other appellate courts) were to not only issue an order accepting the permissive appeal, but also indicate in that order what the substantial question is that merits immediate appellate attention. Here, the reader is only told that the trial court denied a rule 91a motion. That's one cue, but it's not enough.

The order should identify the question on which there is disagreement either among Texas appellate courts or other reputable opinion purveyors, such as law professors that have authored pertinent commentary. There will obviously be interest in the resolution of such a question that goes beyond the parties and attorneys in that particular case.

Personally, I wouldn't benefit from more detail in the grant order, and the same goes for members of the legal profession who follow this Court and its output closely. They and I can simply click the link to the online docket sheet and read the motion/petition.

But the procedural orders of the Texas courts of appeals also make it into **Google Scholar** [see sample embedded below] and onto third-party websites that are indexed by search engines, so more substance about the underlying dispute  an

order such as the one issued in Case No. 15-25-00021-CV would be beneficial because it would enhance findability in a key word search.[2]

**THE STATE OF TEXAS, Appellant,**
**v.**
**NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2, NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT NO. 7, NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9, NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11, Appellees.**

No. 05-25-00276-CV.

**Court of Appeals of Texas, Fifth District, Dallas.**

Opinion Filed April 9, 2025.

On Appeal from the 95th District Court, Dallas County, Texas, Trial Court Cause No. DC-25-01823.

DISMISS.

Before Chief Justice Koch, Justice Garcia, and Justice Clinton.

# MEMORANDUM OPINION

Opinion by Chief Justice, J.J. KOCH.

Before the Court is the parties' joint motion to dismiss the appeal explaining that, although the notice of appeal was to the Fifteenth Court of Appeals and that court accepted the appeal the same day it was filed, the trial court clerk filed the notice of appeal in this Court.[1]

We grant the motion and dismiss the appeal. *See* TEX. R. APP. P. 42.1(a).

# JUDGMENT

In accordance with this Court's opinion of this date, the appeal is DISMISSED.

Judgment entered.

[1] The State of Texas's appeal is proceeding in the Fifteenth Court of Appeals.

[Embedded exemplar of COA order as re-formatted by Google Scholar]

[2] Google does not index the documents posted on the websites of the Texas appellate courts.

Just as Mr. Hawthorne's case summaries are helpful for Texas attorneys and the attentive public to keep up with issues making their way to Supreme Court consideration,[3] an order authorizing a permissive appeal by this Fifteenth Court would be similarly valuable and desirable because (1) this Court is a specialized court; (2) this Court gets to set new precedents in the types of cases in which it has exclusive appellate jurisdiction; and (3) this Court's new precedents will constitute binding precedent for the entire state of Texas (subject to further review by state court of law resort).

## Whose Opinion Matters?

This Court's decisions on appellate procedure will no doubt also be heeded even beyond the practice areas involving governmental entities and issues that arise in high-dollar disputes being litigated in new business courts. Such as, for example, criteria for determining what amounts to a substantial difference of opinion on a controlling question of state law, and whose opinion matters for purposes of discretionary permissive appellate review.

Does an article in the Houston Law Review or a commentary by Professor Josh Blackman on the *reason* blog represent a cognizable opinion in this context? What about opinions articulated by legal scholars and practicing attorneys in amicus curiae submissions?

Texas attorneys will want to know, and law professors writing on Texas law arguably even more so, since the organic audience for their scholarly writings is often very small, though it does end up in that other repository of Google Scholar.

Date: April 30, 2025

Respectfully submitted,

/ s / *Wolfgang P. Hirczy de Miño*

______________________________

Wolfgang P. Hirczy de Mino, Ph.D.
Email: wphdmphd@gmail.com
Political Scientist, not Attorney at Law
Amicus Curiae

[3] Particularly useful are the summaries that accompany decisions to grant review, which typically precede the issuance important supreme court opinions.

## AMICUS STATEMENT AND CERTIFICATE OF SERVICE

Amicus Curiae Wolfgang P. Hirczy de Mino, PhD, is a political scientist (now retired) who continues to have an interest in public policy, public law, and the quality of the state's jurisprudence. He has written on many legal topics and published his research in law reviews and social science journals while affiliated with institutions of higher education. He has also written on technical court administrative and information technology matters more recently. See, e.g., the following:

Hirczy de Mino, Wolfgang, How Algo Westlaw and Algo Google Scholar Failed the Rohrmoos Test, and How to Improve Case Law Citation With or Without Artificial Intelligence (July 10, 2019).
Available at SSRN: https://ssrn.com/abstract=3416668

Hirczy de Mino, Wolfgang, Bluebook Fail: Data Mining of Texas Appellate Briefs Reveals a Non-Uniform System of Case Law Citation (January 6, 2020). Available at SSRN: https://ssrn.com/abstract=3514995

Amicus hereby certifies that he has drafted this letter without any instruction from a party or nonparty and is not being compensated for doing so. Nor has any compensation been promised for submitting this amicus curiae contribution in the public interest. Tex. R. App. P. 11.

Amicus further certifies that all parties to this case are being served simultaneously through the Texas e-filing system.

/ s / *Wolfgang P. Hirczy de Miño*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100278801
Filing Code Description: Other Brief
Filing Description: Amicus Curiae Letter Brief on Permissive Appeal Jurisprudence and Best Practices
Status as of 4/30/2025 2:49 PM CST

Associated Case Party: Pfizer Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stacy Obenhaus | | sobenhaus@foley.com | 4/30/2025 1:49:29 PM | SENT |
| Kristin Hernandez | | kristin.hernandez@foley.com | 4/30/2025 1:49:29 PM | SENT |
| Stefan Schropp | | stefan.schropp@ropesgray.com | 4/30/2025 1:49:29 PM | SENT |
| Samantha BarrettBadlam | | samantha.badlam@ropesgray.com | 4/30/2025 1:49:29 PM | SENT |
| Edward Burbach | | eburbach@foley.com | 4/30/2025 1:49:29 PM | SENT |
| George Valton | | val@valjoneslaw.com | 4/30/2025 1:49:29 PM | SENT |

Associated Case Party: Tris Pharma Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Harry Gillam | 7921800 | gil@gillamsmithlaw.com | 4/30/2025 1:49:29 PM | SENT |
| Andrew Gorham | 24012715 | tom@gillamsmithlaw.com | 4/30/2025 1:49:29 PM | SENT |
| M'Liss Hindman | | mliss.hindman@blankrome.com | 4/30/2025 1:49:29 PM | SENT |
| William E.Lawler, III | | william.lawler@blankrome.com | 4/30/2025 1:49:29 PM | SENT |
| Bobbye Pyke | | Bobbye.Pyke@blankrome.com | 4/30/2025 1:49:29 PM | SENT |
| Huaou Yan | | huaou.yan@blankrome.com | 4/30/2025 1:49:29 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Diana Arias | | diana@gillamsmithlaw.com | 4/30/2025 1:49:29 PM | SENT |
| Rosa Ferguson | | rosa@gillamsmithlaw.com | 4/30/2025 1:49:29 PM | SENT |
| Olivia Arias | | olivia@gillamsmithlaw.com | 4/30/2025 1:49:29 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100278801
Filing Code Description: Other Brief
Filing Description: Amicus Curiae Letter Brief on Permissive Appeal Jurisprudence and Best Practices
Status as of 4/30/2025 2:49 PM CST

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jonathan Bonilla | 24073939 | Jonathan.Bonilla@oag.texas.gov | 4/30/2025 1:49:29 PM | SENT |
| Jordan Underhill | 24102586 | jordan.underhill@oag.texas.gov | 4/30/2025 1:49:29 PM | SENT |
| Nadia Burns | 24041176 | nadia.burns@oag.texas.gov | 4/30/2025 1:49:29 PM | SENT |
| Vivian Egbu | | vivian.egbu@oag.texas.gov | 4/30/2025 1:49:29 PM | SENT |

Associated Case Party: Tarik Ahmed

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Earl Thames | 785097 | Glennthames@potterminton.com | 4/30/2025 1:49:29 PM | SENT |
| Jason T.Brown | | jtb@jtblawgroup.com | 4/30/2025 1:49:29 PM | SENT |
| Patrick S.Almonrode | | patalmonrode@jtblawgroup.com | 4/30/2025 1:49:29 PM | SENT |
| Michael E.Jones | | mikejones@potterminton.com | 4/30/2025 1:49:29 PM | SENT |

Associated Case Party: WolfgangP.Hirczy de Mino

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Wolfgang PHirczy de Mino | | wphdmphd@gmail.com | 4/30/2025 1:49:29 PM | SENT |



**Opinion issued April 28, 2025**

**In The**

**Court of Appeals**

**For The**

**First District of Texas**

---

**NO. 01-24-00599-CV**

---

**VCC, LLC, Appellant**

**V.**

**ALLIED WORLD SPECIALTY INSURANCE COMPANY, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-56137**

---

## CONCURRING OPINION

I write separately to call attention to Texas Civil Practice and Remedies Code Section 51.014(d)'s standard controlling permissive appeals—and to urge the Legislature to revisit the wording of the statute should it prefer a different result than

the text dictates. Our per curiam opinion is faithful to the statute's text and consistent with Texas precedent. But it also has potentially curious ramifications.

Section 51.014(d) allows for permissive appeals (*i.e.*, early appeals) in certain circumstances. As the Texas Supreme Court has explained, the Legislature enacted Section 51.014 to provide "for the efficient resolution of certain civil matters in certain Texas courts" and to "make the civil justice system more accessible, more efficient, and less costly to all Texans while reducing the overall costs of the civil justice system to all taxpayers." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732–33 (Tex. 2019) (citation omitted). Section 51.014(d)'s language does not always appear to serve that objective.

For example, under Section 51.014(d), when a trial court deviates from binding, settled precedent as to a controlling legal question, that decision is so wrong that it is insulated from a permissive appeal. Yet, a decision that is less clearly wrong could meet Texas's standard for a faster appeal. It is not my court's role to say whether this is wise. But I am concurring to bring attention to the issue and suggest that additional clarity from the Legislature and the Texas Supreme Court may be beneficial.

## I. This appeal turns on the meaning of the following text: a "question of law as to which there is a substantial ground for difference of opinion."

Section 51.014(d) allows a permissive appeal when:

(1) the order to be appealed involves a controlling question of law as

> to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE § 51.014(d).

Here, there is no serious dispute that an immediate appeal may materially advance the termination of this litigation. There is also no real dispute that the order involves at least one "controlling question of law." The decision we face is whether "there is a *substantial ground for difference of opinion*" as to a controlling question of law. Our per curiam opinion turns on the meaning of this text.

## II. Some applications of the statute are straightforward.

An order could easily qualify for permissive appeal when it involves a controlling legal question and the law is uncertain, novel, or the subject of disagreement among courts. *See, e.g.*, *Singh v. RateGain Travel Techs., Ltd.*, No. 05-23-01088-CV, 2023 WL 8642555, at *2 (Tex. App.—Dallas Dec. 14, 2023, no pet.); *see also Sabre*, 567 S.W.3d at 732 (permissive appeal process allows early "resolution of controlling, uncertain issues of law that are important to the outcome of the litigation").

For example, an order could qualify if it concerns a controlling question of law that has split Texas appellate courts. An order could also potentially qualify if a trial court reaches one conclusion on a controlling legal question, and a different,

non-binding court reaches another conclusion, of course depending on the nuances of the case.

## III. But does the order here qualify, given that it departs from binding, settled law?

Here, though, we face a different question. What happens when the trial court decides a controlling question in a way that is contrary to law that is both binding and settled? In other words, can the trial court's departure from settled Texas Supreme Court precedent raise a "substantial ground for difference of opinion"?

Interpreting the text of the statute and consistent with other Texas courts,[1] our per curiam opinion concludes that the answer, in this case, is "no." The statutory text requires a "legal question as to which" (*i.e.*, about which) there must be a "substantial ground for difference of opinion." TEX. CIV. PRAC. & REM. CODE § 51.014(d). We conclude that there is not a "legal question" about which there is a "substantial" ground for difference of opinion where settled, binding precedent has resolved the controlling legal inquiry.

To be sure, there are real arguments one could make on the other side. For instance, here, the district court in fact reached a different opinion than Texas precedent has on controlling legal questions. Some courts and treatises suggest that a trial court's disagreement with precedent might be enough to satisfy similar tests.

[1] Notably, most of the decisions in this regard arise out of one appellate court, Dallas; this has not been addressed in a widespread manner in Texas. *See* Op. 11–14 (collecting cases).

*See Richardson v. Univ. of Tex. Sys.*, No. 5:19-CV-271-XR, 2019 WL 5683470, at *2 (W.D. Tex. Oct. 31, 2019) (interpreting federal standard, 28 U.S.C. § 1292(b), and stating that "difference of opinion must stem between the district court's order and the precedent of the Courts of Appeals, not a difference of opinion between the parties," but further stating that considering the issue would "involve applying settled law to disputed facts, which the Court declines to do on § 1292(b)"); *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006) (quoting treatise for proposition that some courts have found substantial ground for difference of opinion under § 1292(b) when "trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue"; also states that counsel's disagreement on precedent does not qualify, nor does claim that district court has ruled incorrectly).

But the question posed by Section 51.014(d) is whether there is a "substantial ground for difference of opinion" as to the "controlling question of law." Ultimately, both the district court and our Court are bound by Texas's controlling and settled precedent addressing the legal questions. If we granted review here, we would be bound to follow that settled precedent on the legal questions at issue; we could not differ in opinion. With the statutory text as written, and with binding, settled law deciding the legal questions at issue, there is no "question of law" on which there is a "substantial ground for difference of opinion."

Applying Section 51.014(d), we thus denied the appeal. *See generally* Op.; *see also Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 15–16, 21 (Tex. 2022) (Section 51.014 permits courts to accept appeals when the requirements are met; it also grants discretion to reject appeals even if requirements are met).

**IV. This standard leads to potentially curious ramifications—and clarification might be helpful.**

Our conclusion today is faithful to the statutory text and consistent with Texas caselaw—but it leads to potentially odd results. The Legislature has allowed for permissive appeals in certain circumstances to advance the resolution of cases. That is reflected in the plain text of Section 51.014(d). The appellate rules echo this language. TEX. R. APP. P. 28.3(e)(4).

Yet, the following flows from our decision today:

- If the trial court gets a controlling legal question wrong and the law is muddled or split, then the permissive appeal standard can be met.
- But if the trial court gets a controlling question of law so wrong that its ruling conflicts with settled, binding law, then we do not take the appeal because it does not meet the standard of involving a legal question on which there is a substantial ground for difference of opinion.

The result is that, when a trial court departs from precedent as to a controlling legal question, the decision is insulated from permissive appeal review precisely because it is wrong. But a decision that is less clearly wrong can meet the standard for review.

This could seem counterintuitive. If the trial court makes an outlier decision, departing from settled, binding precedent as to a controlling legal question, one could argue there would be at least as much need for a permissive appeal to promptly fix the issue, so the parties would not risk litigating, potentially for years, under the wrong legal standard on a controlling question of law. (Or perhaps this is intended, with undecided legal issues getting fast-tracked due to their uncertainty, while more straightforward legal errors are reserved for the ordinary appellate process.)

What does the Legislature aim to accomplish here? And is this how practitioners understand the statute? Also, how does this square with the Texas Supreme Court's admonition in *Sabre* that we should exercise caution in denying permissive appeals? 567 S.W.3d at 732–33 ("Just because courts of appeals can decline to accept permissive interlocutory appeals does not mean they should; in fact, in many instances, courts of appeals should do exactly what the Legislature has authorized them to do—accept permissive interlocutory appeals and address the merits of the legal issues certified.").

It is our job to apply statutes as they are written, regardless of the merits of what they accomplish. That is what we do here today. But in light of these dynamics, the Legislature may want to consider whether it should revisit the statutory text. And guidance from the Texas Supreme Court could benefit litigants and courts across Texas.

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

Justice Caughey, concurring.

Justice Morgan, concurring.